**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51302**

| | |
|---|---|
| STATE OF IDAHO,<br><br>     Plaintiff-Respondent,<br><br>v.<br><br>TONY RAPLEY CROMBIE,<br><br>     Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Opinion Filed:  May 23, 2025**

**Melanie Gagnepain, Clerk**

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Javier L. Gabiola, District Judge.

Judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.  Stacey M. Donohue argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

_____

HUSKEY, Judge

Tony Rapley Crombie appeals from his judgment of conviction for domestic battery with traumatic injury and a persistent violator sentencing enhancement.  Crombie argues the district court erred when it instructed the jury that domestic battery with traumatic injury is a lesser included offense of attempted strangulation.  Crombie alternatively argues the district court committed fundamental error by instructing the jury on domestic battery with traumatic injury because Crombie had not been charged with that offense.  Finally, Crombie argues the district court erred by sentencing him as a persistent violator because one of his prior felony convictions had been discharged pursuant to Idaho Code § 19-2604(1) and, therefore, could not be used to enhance his sentence pursuant to the persistent violator statute, I.C. § 19-2514.  The State argues that Crombie failed to object to the jury instruction based on either the statutory theory or the pleading theory, and thus, Crombie's argument on appeal is not preserved.  The State argues that

1

even if Crombie's argument is preserved, Crombie has failed to show the district court committed fundamental error by instructing the jury that domestic battery with traumatic injury is a lesser included offense of attempted strangulation because the evidence presented supported the instruction. The State finally argues the district court correctly sentenced Crombie as a persistent violator because Crombie's prior felony conviction is a valid conviction under the sentencing enhancement statute. For the following reasons, we affirm Crombie's judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2021, officers responded to a call for a domestic dispute. D.D., the victim, had a no-contact order against Crombie, D.D.'s ex-boyfriend. Crombie went to D.D.'s house, attempted to reconcile with her, and then Crombie refused to leave. D.D. called her brother for assistance, but Crombie interrupted the conversation and terminated the call. Crombie and D.D.'s interaction escalated into a physical altercation. D.D. called 911. Officers arrived, spoke to D.D. and Crombie, and took photographs and made notes about the reported injuries. D.D. told officers that Crombie tried to strangle her after a heated argument. D.D. told officers that Crombie placed both hands around her neck and applied pressure, that she grabbed Crombie's necklace and began hitting him over the head with it, and that when Crombie let go of her, she called 911.

Crombie reported a different series of events and denied laying hands on D.D. Officers cited both D.D. and Crombie with disorderly conduct. Shortly thereafter, officers conducted a follow-up with D.D. and took additional photographs of her injuries. The photographs showed bruising on D.D.'s neck consistent with strangulation. The State charged Crombie with one count of attempted strangulation, I.C. § 18-923. Because Crombie has two prior felony convictions from 1998 and 2013, the State also charged Crombie as a persistent violator pursuant to I.C. § 19-2514.

Prior to trial, the State submitted proposed jury instructions, including an elements instruction for attempted strangulation which read, in relevant part:

1. On or about 9th day of December, 2021
2. in the state of Idaho
3. the defendant, TONY RAPLEY CROMBIE choked or attempted to strangle,
4. D.D.
5. willfully and unlawfully, and
6. D.D. was a house hold [sic] member at the time of the offense or a person with who TONY RAPLEY CROMBIE had a dating relationship, either at the time of the offense or at a previous time.

The State's proposed instructions for attempted strangulation also included an instruction that defined "household member."[1] That definition read: "'Household member' means a person who is a spouse, former spouse, or a person who has a child in common, regardless of whether they have been married, or a person with whom a person is cohabitating." Crombie also submitted proposed jury instructions and included an elements instruction for domestic battery which reads, in relevant part:

1. On or about December 9th, 2021
2. in the state of Idaho
3. the defendant Tony Crombie committed a battery upon D.D. by unlawfully touching the victim
4. while they were household members.

The definition of household member in Crombie's proposed instruction was identical to the definition provided by the State. The district court's final jury instructions included elements instructions for both attempted strangulation and domestic battery with traumatic injury, and the court adopted the parties' definition of household member. The final instruction for domestic battery with traumatic injury listed the elements as "committ[ing] a battery upon [D.D.] . . . while they were household members, and . . . in doing so the defendant inflicted a traumatic injury upon [D.D.]." Traumatic injury was defined as "a wound or external or internal injury, whether of a minor or serious nature, caused by physical force." The jury found Crombie not guilty of attempted strangulation and guilty of domestic battery with traumatic injury.[2] The jury also found Crombie had two prior felony convictions.

At the sentencing hearing, Crombie argued that because his 2013 felony conviction had been dismissed, it could not be considered a prior felony conviction for purposes of I.C. § 19-2514--the persistent violator sentencing enhancement statute. The district court reviewed Crombie's 2013 conviction, noted that it had been dismissed pursuant to I.C. § 19-2604(1), and then analyzed I.C. § 37-2732(c)(1), the underlying basis for Crombie's 2013 conviction. The district court determined that, pursuant to I.C. § 37-2732(k), the 2013 conviction remained valid regardless of any leniency or relief provided by I.C. § 19-2604(1). The district court then concluded that Crombie met the requirements of the persistent violator statute, and his sentence

---

[1]     Idaho Code § 18-923 (attempted strangulation) incorporates the definition of a household member from I.C. § 18-918(1)(a) (domestic battery).

[2]     Crombie was also charged with violating the no-contact order and was found not guilty. The no-contact order acquittal is not at issue on appeal.

could be enhanced. Crombie filed a motion for reconsideration of the decision, which the district court denied. Crombie received a unified sentence of ten years, with a minimum period of incarceration of five years. Crombie appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). The existence of an impermissible variance between a charging instrument and the jury instructions is a question of law which the appellate court freely reviews. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Crombie contends the district court erred by instructing the jury that domestic battery with traumatic injury was a lesser included offense of attempted strangulation. Crombie argues that the elements for domestic battery with traumatic injury are different than those for attempted strangulation and the elements of the former are not included in the latter under either the statutory theory or the pleading theory. Alternatively, Crombie argues that the district court committed fundamental error by instructing the jury on domestic battery with traumatic injury because he was never charged with that offense and, therefore, did not have an opportunity to adequately prepare a defense which violated his constitutional right to due process. Finally, Crombie argues the district court erred in determining that the persistent violator statute applied because one of Crombie's prior felony convictions had been discharged and, therefore, could not be considered for an enhanced sentence.

The State contends Crombie failed to preserve his argument of instructional error because Crombie objected at trial based on the lack of evidence to support either charge and Crombie raised no objection to and there was no adverse ruling issued on whether domestic battery with traumatic injury is a lesser included offense of attempted strangulation under either the statutory or the pleading theory. The State further argues that sufficient evidence was presented for the district court to instruct the jury on domestic battery with traumatic injury. The State contends the district court did not commit fundamental error because Crombie cannot establish a violation of his

4

unwaived constitutional right to due process because although there was a variance between the charging document and the jury instructions, which included an elements instruction for domestic battery with a traumatic injury, Crombie has failed to establish a fatal variance because Crombie was not surprised or unable to form a defense to the domestic battery charge and, therefore, Crombie suffered no prejudice. The State further argues Crombie failed to establish that trial counsel's decision not to object to the domestic battery instruction on either the statutory or pleading theory was not a tactical decision.

**A.  Crombie's Claim Based on Statutory and Pleading Theories Is Not Preserved**

When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). "An erroneous instruction will not constitute reversible error unless the instructions as a whole misled the jury or prejudiced a party." *State v. Draper*, 151 Idaho 576, 588, 261 P.3d 853, 865 (2011).

There are two theories under which an offense can be deemed a lesser included offense of a charged offense: the statutory theory and the pleading theory. *State v. Monroe*, 172 Idaho 838, 844, 537 P.3d 79, 85 (2023). The statutory theory looks at the statutory definitions and compares the elements of each offense. *Id.* Under this theory, an offense is a lesser included offense if all of the elements of the lesser offense are included within the elements needed to sustain a conviction of the greater offense. *Id.* Under the pleading theory, an offense is included within another if the charging document alleges facts that, if proven, also necessarily prove the elements of the lesser included offense. *Id.* The pleading theory looks only to the language of the charging document. *Id.*

At trial, Crombie did not object to the domestic battery with traumatic injury instruction based on either theory; instead, Crombie objected based on a lack of evidence to support either charge, on the basis that Crombie did not touch D.D. Crombie's objection was: "[I]f the jury finds that there was no touching of the neck to strangle [D.D.], there is no way that they can find that [Crombie] touched [D.D.] in order to meet the battery portion of [domestic battery with traumatic injury] . . . I do not believe that there's been evidence adduced, and there cannot be a lesser included of a felony domestic battery in this case." When a party objects without citing to a specific rule or statute, we may look to the context in which the objection arose and determine the ground for the objection if the party cited the applicable language from the rule so the ground for the objection

5

is apparent to the trial court. *State v. Chacon*, 168 Idaho 524, 534, 484 P.3d 208, 218 (Ct. App. 2021).

In this case, the context of Crombie's objection indicates it was based on I.C. § 19-2132(b), which reads in relevant part:

> (b) The court shall instruct the jury with respect to a lesser included offense if:
> (1) Either party requests such an instruction; and
> (2) There is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense.

At trial, Crombie objected to the inclusion of the domestic battery with traumatic injury instruction on an evidentiary basis--that the charge was not supported by the evidence and, therefore, it would be erroneous to instruct the jury on that offense. Crombie did not explicitly argue that either the statutory or the pleading theory applied, nor did he argue the language or relevant analysis of either theory. To preserve an issue for appeal, a party must raise both the issue and the party's position on that issue. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). Because Crombie did not argue either the statutory or the pleading theory before the district court, and the district court did not analyze either theory, Crombie's argument on this issue is not preserved for appeal.

Crombie argues it can be inferred that the district court applied the statutory theory in determining that domestic battery with traumatic injury is a lesser included offense of attempted strangulation because the district court referenced *State v. Colwell*, 124 Idaho 560, 861 P.2d 1225 (Ct. App. 1993), and thus the issue is preserved. An issue is preserved when the issue was argued to or decided by the trial court. *Monroe*, 172 Idaho at 844, 537 P.3d at 85. We disagree that such an inference can be made. *Colwell* does not mention the statutory theory and provides two definitions for an included offense. First, the *Colwell* Court states: "An 'included offense' is one which is necessarily committed while committing the crime charged, or the essential elements of which are alleged as the manner or means by which the charged offense has been committed." *Colwell*, 124 Idaho at 564, 861 P.2d at 1229. However, the *Colwell* Court goes on to provide an alternative definition of included offense: "An offense may also be deemed an 'included offense' if the evidence adduced at trial shows that such an offense necessarily was committed during the commission of the charged offense." *Id*.

In this case, the district court was clear about which of those definitions it was relying on, stating: "[T]he Court has looked at the included offense analysis set forth in [*Colwell*], and the specific language that an offense may be deemed an included offense if the evidence adduced at

6

trial shows that such an offense necessarily was committed during the commission of the charged offense." Thus, the district court focused on the evidentiary support for the offense presented at trial, not the elements of the offense. This conclusion is further supported by the district court's statement: "I look at the elements for attempted strangulation, the elements for domestic battery with traumatic injury, *and compare those and the facts adduced at trial . . . . So I find based on that evidence, again, adduced at trial,* that the felony domestic battery would be a lesser included offense." (Emphasis added.) The district court's consideration of whether the evidence adduced at trial supported the charge is relevant only to an analysis of I.C. § 19-2132(b)(2), not the statutory or pleading theory analysis. Based on the district court's articulation of the standard it applied, we decline to infer the district court meant something other than what it said.

Crombie objected to the instruction based on I.C. § 19-2132(b)(2) and the district court overruled Crombie's objection based on the same statutory ground. Crombie did not argue, and the district court did not analyze or determine that the statutory or pleading theory applied when it decided to instruct the jury on domestic battery with traumatic injury. As such, the issue is not preserved for review.

**B.    Crombie Cannot Show Instructional Error**

Even if the claim of instructional error (as distinct from the claim of fundamental error) had been preserved, Crombie fails to show reversible error. Crombie argues he was prejudiced because he was convicted of domestic battery with traumatic injury, despite not being charged with that offense, and cites *Colwell* and *Manning v. Twin Falls Clinic & Hosp., Inc.*, 122 Idaho 47, 830 P.2d 1185 (1992) as support. However, *Manning* provides no definition of prejudice. The *Colwell* Court adopted the definition of prejudice used in a variance analysis: "A 'mere variance' between the facts alleged in the information and those proved at trial requires reversal of the conviction only when an examination of the record indicates that the defendant was deprived of a right to fair notice or is left open to the risk of double jeopardy." *Colwell*, 124 Idaho at 565-66, 861 P.2d at 1230-31. Crombie argues there is a variance because domestic battery with traumatic injury has two elements for which he had no notice: (1) his status as a household member; and (2) traumatic injury.

The issue presented requires a two-part inquiry. The first question is whether there is a variance between the information charging Crombie with attempted strangulation and instruction 14, which set forth the elements of domestic battery with traumatic injury. *See State v.*

7

*Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001). Second, if a variance exists, the question is whether the variance rises to the level of prejudicial error requiring reversal of the conviction. *Id.*

A variance exists when the instructions to the jury do not match the allegation in the charging document as to the means by which a defendant is alleged to have committed the crime charged. *State v. Folk*, 151 Idaho 327, 342, 256 P.3d 735, 750 (2011). A variance between a charging instrument and a jury instruction is fatal and necessitates reversal only when it deprives the defendant of the right to fair notice or leaves him or her open to the risk of double jeopardy. *State v. Windsor*, 110 Idaho 410, 417-18, 716 P.2d 1182, 1189-90 (1985); *Brazil*, 136 Idaho at 330, 33 P.3d at 221. Put another way, a variance is fatal if it amounts to a constructive amendment. *State v. Jones*, 140 Idaho 41, 49, 89 P.3d 881, 889 (Ct. App. 2003). A constructive amendment occurs if a variance alters the charging document to the extent the defendant is tried for a crime of a greater degree or a different nature. *State v. Wolfrum*, 145 Idaho 44, 47, 175 P.3d 206, 209 (Ct. App. 2007); *Jones*, 140 Idaho at 49, 89 P.3d at 889; *Colwell*, 124 Idaho at 566, 861 P.2d at 1231. When a constructive amendment occurs, the defendant is deprived of fair notice and is misled or embarrassed in the preparation or presentation of his defense. *Windsor*, 110 Idaho at 418, 716 P.2d at 1190. A variance is not fatal if the defendant had notice of it or was not misled or surprised in preparation of his defense. *State v. Miller*, 165 Idaho 115, 120, 443 P.3d 129, 134 (2019).

The only prejudice Crombie alleges is the fact of his conviction for domestic battery with traumatic injury. It is not the fact of the conviction that establishes prejudice, and Crombie does not provide any other argument on this issue regarding prejudice. Crombie argues other claims of prejudice in relation to his fundamental error claim and those arguments are addressed in that portion of this opinion. Because Crombie has waived any consideration of his claim of instructional error based on the argument that domestic battery is not a lesser included offense of attempted strangulation, we decline to address it on the merits.

## C.    Crombie Fails to Show Fundamental Error

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *Miller*, 165 Idaho at 119, 443 P.3d at 133. In order to obtain relief under the fundamental error doctrine, the

8

defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

Crombie claims, for the first time on appeal, that the domestic battery with traumatic injury instruction constituted a variance that deprived him of his constitutional right to due process because he had to defend against a crime with which he had not been charged and was therefore prejudiced in his defense. However, Crombie's claim fails at the first step of the fundamental error analysis because Crombie cannot show the existence of a fatal variance between the attempted strangulation charge and the domestic battery with traumatic injury instruction; thus, he cannot show there was a violation of his unwaived constitutional right to due process.

### i. Household member

Crombie argues he was deprived of the opportunity to challenge his status as a household member with D.D. The charging document alleged that Crombie and D.D. are household members. Thus, Crombie was on notice from the time he was charged that the State would argue either that he was in a dating relationship with D.D. or was a household member with D.D. The term "household member" was also included in the jury instructions. As a result, because the same term was in both the charging document and the jury instructions, there is no variance.

Additionally, Crombie cannot show prejudice. Nearly nine months prior to trial, Crombie submitted a proposed jury instruction on domestic battery that included a definition of household member identical to the State's definition. Given that Crombie submitted an instruction containing a definition of household member, the record is clear that Crombie had ample opportunity to prepare a defense challenging his status as either a household member with D.D. or his dating relationship status with D.D. At trial, the State presented evidence that Crombie lived with D.D. for significant periods of time. Crombie rebutted that assertion during his cross-examination of D.D. when D.D. testified that Crombie did not live with her at the time of the alleged crime and had not lived with her for several months. Not only was Crombie on notice of the allegation that he was a household member, but he was also not surprised by the allegation and defended against

9

it. Thus, Crombie has failed to show any variance, let alone a fatal variance, by the inclusion of the term "household member" in the jury instructions. *See Miller*, 165 Idaho at 122, 443 P.3d at 136 (holding, in part, that because Miller's counsel responded to witness testimony about the child running from the car, Miller was on notice that the child's actions outside of the vehicle may be addressed, even though the facts were not alleged in the charging document).

### ii. Traumatic injury

Crombie generally claims he was deprived of the opportunity to present evidence that D.D. did not sustain a traumatic injury. The State concedes that the traumatic injury element was not contained in the charging document; therefore, its inclusion in the instruction was a variance but argues the variance does not require reversal because it was not fatal.

Crombie did not challenge the evidence presented that showed bruising on D.D.'s neck. Crombie's decision not to challenge the level of D.D.'s injury was likely because Crombie's theory at trial was that he never touched D.D., not that touched her but any resulting injury was not traumatic. On direct examination, Crombie testified, "I don't believe I touched her at all." And on cross-examination, when asked if he "touch[ed] [D.D.] at all," Crombie stated, "No, I did not." Crombie did not challenge the nature of the injury, traumatic or otherwise, because the level of injury was irrelevant to his defense that he did not touch D.D. Furthermore, Crombie's objection to the jury instruction on domestic battery with traumatic injury reinforced his theory of defense that he did not touch D.D., not his status as a household member or the level of injury D.D. sustained:

> This case is dealing with one act. The strangulation, there's only been testimony of one touching of [D.D.] around her neck. There cannot be--if the jury finds that there was no touching of the neck to strangle her, there is no way that they can find that he touched her in order to meet the battery portion of that.
> I know that there's this issue with the traumatic injury, but I don't think the traumatic injury is the issue here. The issue is the touching. There was no--if there's no strangulation, there's no touching. And if there's no touching, there cannot be a felony battery.

Crombie's defense theory--that he did not touch D.D.--was mutually exclusive to the alternative theory he now alleges he was deprived of the opportunity to present: that he touched D.D. but the touching did not cause a traumatic injury. Had Crombie admitted he touched D.D., he would have had a more difficult time defending against either charge. Attempted strangulation does not require any injury: "No injuries are required to prove attempted strangulation. The prosecution is not required to show that the defendant intended to kill or injure the victim. The

10

only intent required is the intent to choke or attempt to strangle." I.C. § 18-923(2) and (3). Similarly, traumatic injury means "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force." I.C. § 18-918(1)(b). Given the evidence in the record, including D.D.'s testimony, the photographic evidence of her injuries, as well as the jury instructions, any concession by Crombie that he touched D.D. would make it more difficult to obtain an acquittal on either charge.

Crombie had the opportunity to challenge whether D.D. sustained a traumatic injury and explicitly chose not to do so. Crombie's choice of one theory of defense, instead of another theory of defense, does not mean he was deprived of an opportunity. Rather, it makes it more likely that trial counsel was aware of various theories of defense and selected the theory he believed was most likely to be successful. As a result, Crombie cannot show he suffered any prejudice or that, given the opportunity, he would have challenged the level of injury sustained by D.D.

At oral argument, Crombie argued that because he was acquitted of attempted strangulation, the jury must have believed D.D. did not sustain any injury to her neck. As such, the jury could have convicted him based on D.D.'s injuries to her hands and fingers. No such argument is made in Crombie's briefing and nothing in the record supports Crombie's assertion that the reason the jury acquitted Crombie of attempted strangulation was because it concluded D.D. did not sustain any injury to her neck. Moreover, Crombie has made no argument that he would have had a different trial theory regarding D.D.'s neck injuries if he knew he was defending against an element of domestic battery (traumatic injury) as opposed to evidentiary support for an element of attempted strangulation (choked or attempted to strangle). Crombie has failed to establish he was prejudiced by the district court's instruction to the jury on domestic battery with traumatic injury. Because he cannot demonstrate the violation of an unwaived constitutional right, he fails to establish the first prong of the fundamental error analysis.

But even if Crombie could establish the first prong of the fundamental error analysis, Crombie fails to establish the second prong of the fundamental error analysis, i.e., that counsel did not make a tactical decision to not object to the jury instruction based on the pleading theory, the statutory theory, or a variance theory. Crombie argues that because counsel objected and did not want the jury to be instructed on the lesser included offense, these two facts constitute sufficient evidence in the record that the lack of a variance objection was not a tactical decision. This argument was rejected in *State v. Smith*, 168 Idaho 463, 481, 483 P.3d 1006, 1024 (2021) (holding

11

the record must contain evidence of the error and the record *must also contain evidence on whether trial counsel made a tactical decision in failing to object*). Moreover, the fact that counsel objected on the evidentiary basis cuts against Crombie's claim because it shows counsel could, but chose not to, object on other grounds.

As discussed above, Crombie's trial theory that he did not touch D.D. is mutually exclusive to a defense he asserts he was deprived of the opportunity to present. It is reasonably plausible that defense counsel did not want to compromise his theory at trial and try to argue that Crombie touched D.D., but the touching did not result in a traumatic injury. Counsel had to choose between two, mutually exclusive defenses. That choice necessarily means counsel knew about, and thus could, but did not, choose a theory addressing the traumatic nature of the injury.

Instead, Crombie objected based on the ground that most closely supported his theory of defense. In this case, the record supports the presumption that counsel was aware of various objections but chose the objection that best coincided with the theory of defense. Crombie's claim of fundamental error fails because he does not show a violation of an unwaived constitutional right and does not point to evidence in the record that the error was clear and that trial counsel made anything other than a tactical decision to not object to the jury instruction on the lesser included offense on any ground but the evidentiary ground. Because Crombie fails to satisfy either the first or second prongs of the fundamental error test, we need not address the third prong. Crombie's claim of fundamental error fails.

**D.      Persistent Violator Enhancement**

Crombie asserts the district court erred in determining that the persistent violator statute applied because Crombie's prior 2013 felony conviction was discharged pursuant to I.C. § 19-2604(1) and therefore could not be considered when evaluating the applicability of the sentence enhancement. The State contends the district court correctly determined that the persistent violator statute applied because, although I.C. § 19-2604(1) was a final dismissal and discharge of the "matter," it did not set aside Crombie's guilty plea or conviction.

Statutory interpretation begins with the literal language of the statute. *State v. Clark*, 168 Idaho 503, 508, 484 P.3d 187, 192 (2021). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its

12

plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id*. It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

There are three statutes at issue here: (1) the suspension of judgment statute, I.C. § 19-2604(1); (2) the persistent violator statute, I.C. § 19-2514; and (3) the statute underlying Crombie's 2013 conviction, I.C. § 37-2732(c)(1). Idaho Code § 37-2732(c)(1), provides, in relevant part, that any person who "has in his possession a controlled substance classified in schedule I which is a narcotic drug, or a controlled substance classified in schedule II is guilty of a felony and upon conviction may be imprisoned." Idaho Code § 37-2732(k) further provides, in relevant part, that "a conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the *form* of the judgment(s) or withheld judgment(s)." (Emphasis added.) Notwithstanding means "despite; in spite of." *Notwithstanding*, BLACK'S LAW DICTIONARY (12th ed. 2024).

Idaho Code § 19-2604(1) provides, in relevant part, that a defendant who has pled guilty to, or been found guilty of, a crime:

> (b) Upon application of the defendant and upon satisfactory showing that:
>> (i)     The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation . . .
> the court, if convinced by the showing made that there is no longer cause for continuing the period of probation should the defendant be on probation at the time of application, and that there is good cause for granting the requested relief, may terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant or may amend the judgment of conviction.

In this case, Crombie pleaded guilty to a violation of I.C. § 37-2732(c)(1) and the district court suspended the sentence and placed Crombie on probation. Crombie complied with probation

and subsequently moved for, and was granted, relief under I.C. § 19-2604(1). When determining whether Crombie had two prior felony convictions, the district court considered Crombie's 2013 felony conviction, and the relief granted pursuant to I.C. § 19-2604(1). The dismissal in Crombie's 2013 conviction stated:

> The court is convinced there is no cause for continuing the period of probation and, finding it compatible with the public interest, the court determines defendant's probation should be terminated. Therefore;
> IT IS HEREBY ORDERED that defendant is discharged from probation.
> IT IS FURTHER ORDERED that this matter be entered on the record of the defendant as . . . . A final dismissal and discharge pursuant to I.C. § 19-2604(1), and defendant is restored to all civil rights.

The district court determined that, although I.C. § 37-2732(k) was not an enhancement statute, it defined conviction using the same language used in the I.C. § 18-8005(6) driving under the influence (DUI) enhancement statute, specifically, "[a] conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s)." The district court compared the definition of conviction set forth in I.C. § 18-8005(6) to the definition in I.C. § 37-2732(k) and found the language identical. The district court reasoned that based on the above language, if a dismissed case qualified as a felony conviction for DUI enhancement purposes, by analogy, a dismissed conviction qualified as a conviction under I.C. § 37-2732. The district court found that although there was no dispute that Crombie's 2013 felony conviction had been subject to a final dismissal under I.C. § 19-2604(1), that dismissal did not remove the felony conviction from his record because of the language in I.C. § 37-2732(k). The district court then found that, "regardless of the dismissal provided under I.C. § 19-2604(1), a person who has been found guilty under I.C. § 37-2732(c)(1), a defendant retains that conviction in spite of any form of the judgment, or relief of the judgment," and as a result, Crombie's 2013 conviction was a prior conviction for purposes of I.C. § 19-2514.

The Idaho Supreme Court has held that a court must look to the enhancing statute for the definition of conviction to determine whether the enhancing statute applies. For example, in *State v. Glenn*, 156 Idaho 22, 319 P.3d 1191 (2014), Glenn pled guilty to a felony DUI charge in 2001; the district court suspended the sentence and placed Glenn on probation. *Id*. at 23, 319 P.3d at 1192. After he completed probation, Glenn moved to reduce his felony charge to a misdemeanor; the district court granted the motion pursuant to I.C. § 19-2604(1) and ordered Glenn's guilty plea

14

be set aside and the case finally dismissed. *Id*. Glenn was subsequently arrested and cited for DUI; the State filed an amended complaint enhancing the charge to a felony because Glenn had a prior DUI conviction within the past fifteen years. *Id*. The only qualifying prior DUI felony was the 2001 conviction that the district court dismissed in 2007. *Id*. Glenn moved to dismiss the indictment on the ground that he did not have a prior felony DUI because his guilty plea was withdrawn, and the case was dismissed pursuant to I.C. § 19-2604(1). The district court denied the motion and Glenn appealed. *Id*.

The DUI enhancing statute, I.C. § 18-8005(6), applies to any person who pleads guilty to or is found guilty of a DUI and who has within the last fifteen years "pled guilty or has been found guilty" of a prior felony DUI violation "notwithstanding the form of the judgment(s) or withheld judgment(s)." *Glenn*, 156 Idaho at 25, 319 P.3d at 1194. The Court reasoned: "The focus of I.C. § 18-8005 is then not on performance during probation, but instead on the instant the finding of guilt is made either by the jury or the defendant's plea. Here, Glenn was a person who pled guilty to more than one DUI within fifteen years." *Glenn*, 156 Idaho at 25, 319 P.3d at 1194. Additionally, the Court noted that I.C. § 19-2604 does not state "that a guilty plea or judgment disappears, only that the plea or conviction is 'set aside' and the case dismissed." *Glenn*, 156 Idaho at 25, 319 P.3d at 1194. The Court concluded that the underlying statute, I.C. § 18-8005, gave no indication that it was improper to use a dismissed case to seek an enhancement, and affirmed the district court's decision to deny Glenn's motion to dismiss. *Glenn*, 156 Idaho at 26, 319 P.3d at 1195.

Given the holding in *Glenn*, this Court must look to the language of I.C. § 19-2514, the persistent violator enhancing statute, to ascertain the definition of conviction. The statute provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

As is evident, the statute does not define the term "conviction" and as a result, provides no guidance. However, the Idaho Legislature has clearly defined what a conviction is under I.C. § 37-2732(k), which reads in relevant part: "A conviction for purposes *of this section* means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s)." (Emphasis added.) The title is Title 37, "FOOD, DRUGS, AND OIL."

15

The chapter referenced is Chapter 27, entitled "UNIFORM CONTROLLED SUBSTANCES." The section of a statute is the numerical designations within the section. Thus, I.C. § 37-2732 is the numerical designation for Title 37, Chapter 27, section 32. A conviction under Title 37, Chapter 27, Section 32 is defined as above. By its plain language, the definition of conviction is not limited to subsection (k) of section 2732, which applies to restitution. By using the term "section" rather than "subsection," the Legislature made clear the definition of conviction applies to the entirety of Chapter 27, Section 32 and is not limited to subsection (k). And by defining "conviction" the way that it did, the Legislature made clear that the focus "is then not on performance during probation, but instead on the instant the finding of guilt is made either by the jury or the defendant's plea." *Glenn*, 156 Idaho at 25, 319 P.3d at 1194. Notably, the Legislature used the same language in I.C. § 37-2732(k) and in I.C. § 18-8005(6), the enhancing language analyzed in *Glenn*, and we see no reason why the analysis and conclusion would be different.

Crombie contends that relief granted under I.C. § 19-2604 vacates the judgment and renders his 2013 conviction a nullity, and therefore it cannot be used against him as a predicate conviction for the persistent violator sentencing enhancement. Crombie asserts that the Supreme Court's decision in *State v. Ingraham*, 172 Idaho 30, 528 P.3d 966 (2022) supports his position. The *Ingraham* Court focused on whether an offense that had been reduced to a *misdemeanor* could be considered a *felony* conviction for purposes of persistent violator enhancement. Ingraham was charged with felony possession of controlled substances, possession of drug paraphernalia, destruction of evidence, and grand theft. *Id*. at 33, 528 P.3d at 969. The State sought a sentencing enhancement under the persistent violator statute. *Id.* Ingraham had a prior felony drug conviction that had been amended to a misdemeanor conviction pursuant to I.C. § 19-2604. *Id.* at 34, 528 P.3d at 970. Ingraham argued that once the conviction was deemed a misdemeanor, it could no longer be considered a felony conviction for purposes of I.C. § 19-2514. *Id*. The Supreme Court agreed, finding that the amended judgment rendering the conviction a misdemeanor meant it could not be used as a predicate felony conviction for the persistent violator sentencing enhancement. *Id*. at 40, 528 P.3d at 976. In construing the language of I.C. § 19-2514, the Court concluded that the statute required two prior felony convictions, and in Ingraham's case, one of the convictions was "deemed" a misdemeanor and, therefore, there were not two convictions for purposes of the persistent violator statute. *Id*. However, *Ingraham* did not address whether, in the absence of a

16

definition of "conviction" in I.C. § 19-2514, the court should look to the definition of "conviction," if any, in the underlying statute.

In this case, the district court did not err. The plain language of I.C. § 37-2732 makes clear that a conviction is not dependent on the form of the judgment. That section does not require a judgment in order for a person to have a conviction; instead, a person is "convicted" whenever a person "has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s)." Thus, regardless of any subsequent grant of leniency regarding Crombie's 2013 judgment of conviction, Crombie nevertheless retained the 2013 conviction as a result of his guilty plea.

Our conclusion is consistent with precedent. Idaho's appellate courts have repeatedly held that a dismissal under I.C. § 19-2604 is not an expungement, i.e., removal of a *conviction* from a person's criminal record. *See State v. Parkinson*, 144 Idaho 825, 828, 172 P.3d 1100, 1103 (2007) (holding that I.C. § 19-2604 does not require or authorize the complete expungement of all records and references to a charge), *abrogated on other grounds by Verska v. St. Alphonsus Reg. Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011); *see also State v. Turpen*, 147 Idaho 869, 870-71, 216 P.3d 627, 628-29 (2009) (defining expungement as the "[p]rocess by which [a] *record of criminal conviction* is destroyed or sealed"). Instead, I.C. § 19-2604 allows the court to dismiss the case against the defendant if he complies with all the terms and conditions of his probation. Based on the language in I.C. § 37-2732(k), Crombie's conviction was entered once he pleaded guilty and was never removed, regardless of any subsequent leniency.

The Court has also addressed whether an individual whose felony burglary conviction had been reduced to misdemeanor petit theft pursuant to I.C. § 19-2604(2) was still subject to the limits of I.C. § 18-310, which prohibits the restoration of firearm rights to those individuals convicted of specific felony offenses, one of which is burglary. In *In Re Order Certifying Question to Supreme Court of Idaho*, 169 Idaho 135, 492 P.3d 1094 (2021), the Court examined the difference in statutory language between subsections I.C. § 19-2604(1) and (2), and noted that subsection (2) did not have the "restoration of civil rights" language contained in subsection (1), and further reasoned that "Even if a felony conviction is vacated, the defendant may have to comply with statutory consequences that accompanied the original felony offense." *Id.* at 139, 492 P.3d at 1098. Similarly, a defendant who pleaded guilty to a sex offense for which he was required to register, but whose conviction was subsequently set aside pursuant to I.C. § 19-2604(1), was still

17

required to register as a sex offender even after the dismissal of the conviction because to remove a requirement that arose as a result of the guilty plea would require a retrospective application of I.C. § 19-2604(1), which the Court declined to do. *State v. Robinson*, 143 Idaho 306, 142 P.3d 729 (2006).[3]

In this case, one of the consequences that accompanied Crombie's guilty plea is that because of the definition of conviction in I.C. § 37-2732(k), Crombie's conviction remains valid regardless of any subsequent relief granted pursuant to I.C. § 19-2604(1). Like the enhancing language in I.C. § 18-2005(6), the DUI enhancing statute, I.C. § 37-2732 is clear that once a person is found guilty of an offense within the section, the conviction remains regardless of what type of leniency or relief may have been granted following the conviction. The fact that the Legislature chose to put the definition in I.C. § 37-3732(k) instead of I.C. § 19-2514 does not change the definition of conviction.

Dismissal of a criminal charge under I.C. § 19-2604(1) is an act of leniency by the court, "notwithstanding the defendant's actual guilt of the charged offense." *State v. Perkins*, 135 Idaho 17, 20, 13 P.3d 344, 347 (Ct. App. 2000). Idaho Code § 19-2604 allows the court to dismiss a case against a defendant and restore the defendant's civil rights. It does not allow the defendant to "escape from every possible consequence of the adjudication of guilt." *Id*. at 21, 13 P.3d at 348. As the Supreme Court noted in *Glenn*, I.C. § 19-2604 does not state "that a guilty plea or judgment disappears." *Glenn*, 156 Idaho at 25, 319 P.3d at 1194. By adopting this definition of "conviction," the Legislature limited the record-cleansing effect of both a withheld judgment and an I.C. § 19-2604(1) dismissal. Thus, a conviction pursuant to Idaho Code Title 37, Chapter 27, Section 32 exists upon a defendant's guilty plea or a jury verdict of guilt, regardless of the subsequent form of the judgment.

A guilty plea to or a finding of guilt for an offense under I.C. § 37-2732 counts as a conviction under that statute for purposes of I.C. § 19-2514. Crombie's 2013 conviction was not erased regardless of the relief granted pursuant to I.C. § 19-2604(1). Thus, Crombie has two prior felony convictions for purposes of I.C. § 19-2514.

---

[3]    Idaho Code § 19-2604 was subsequently amended to make clear it did not apply to individuals who entered pleas to offenses for which they were required to register as a sex offender. The amendment does not affect this opinion.

Idaho Code § 19-2514 indicates a conviction is the triggering event and a third conviction results in a mandatory minimum sentence. Because Crombie had two prior felony convictions, the conviction in this case was his third, which triggered the sentencing enhancement. The district court did not err in finding that Crombie's 2013 felony conviction could be considered in applying the persistent violator statute to enhance Crombie's sentence.

## IV.

## CONCLUSION

Crombie did not preserve his argument that domestic battery with traumatic injury is not a lesser included offense of attempted strangulation based on either the statutory or pleading theory. In the event of any instructional error, Crombie has failed to establish prejudice as a result of the error. The district court did not commit fundamental error by instructing the jury on domestic battery with traumatic injury because the variance was not fatal, and Crombie was not misled or surprised in his defense. The district court did not err in determining Crombie's prior 2013 felony conviction could be included for purposes of applying the persistent violator sentencing enhancement because the statute affording relief did not vacate the judgment. Therefore, we affirm Crombie's judgment of conviction.

Judge LORELLO and Judge TRIBE, **CONCUR**.